IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CECIL MAX-GEORGE | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-101 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Cecil Max-George, an inmate currently confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings the above-styled lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Motion for Injunctive Relief

Plaintiff has filed a Motion for Preliminary Injunction and Temporary Restraining Order (doc. #4).[1] Plaintiff complains he was denied adequate medical treatment, discriminated against, and was the victim of retaliatory treatment while confined at the Eastham Unit. Additionally, Plaintiff complains that he was erroneously given disciplinary cases for seeking emergency medical care.

Analysis

*Requirements for Issuance of Relief*

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that the party will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the party whom he seeks to enjoin;

---

[1] Plaintiff titled his motion as a "Motion for Order to Show Cause and Motion for Temporary Restraining Order."

and (4) the granting of the preliminary injunction will not disserve the public interest. *See Planned Parenthood of Hous. & Se. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Due to its extraordinary character, injunctive relief should not be granted unless the party seeking relief has clearly carried the burden of persuasion as to all four elements. *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.,* 418 F.3d 535, 545 (5th Cir. 2005).

The claims that form the basis of this complaint occurred at the Eastham Unit. As noted above, Plaintiff is currently confined at the Polunsky Unit. Plaintiff's transfer from the Eastham Unit has rendered his claims for injunctive relief moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Cooper v. Sheriff, Lubbock Cnty, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). Accordingly, Plaintiff's motion should be denied as moot.

Additionally, Plaintiff has not clearly carried his burden with respect to any of the required elements, but has particularly failed to satisfy the first two prongs. Plaintiff has failed to establish that a substantial threat exists that irreparable harm will result if relief is not granted. While Plaintiff complains of inadequate medical care, the complaint also states Plaintiff has received extensive medical treatment, including emergency care at outside local hospitals. Further, Plaintiff has not clearly shown the Defendants violated his constitutional rights. Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards in intentionally denying or delaying access to medical care. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). However, "[d]eliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). Plaintiff's conclusory allegations of inadequate medical care are insufficient to show deliberate indifference on the part of the Defendants. Therefore, Plaintiff's Motion should be denied.

Recommendation

Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (doc. #4) should be denied.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 16th day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE