**UNITED STATES DISTRICT COURT**    **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| CECIL MAX-GEORGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 9:22-CV-101 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Cecil Max-George, an inmate confined at the Polunsky Unit, proceeding *pro se* and *in forma pauperis*, brought the above-styled lawsuit. Plaintiff's lawsuit was dismissed for want of prosecution based on plaintiff's failure to advise the court of his ability to proceed following a stay in the proceedings.

Plaintiff has filed another motion to stay proceedings (#29). Plaintiff states he was transferred to another unit for emergency medical reasons and is unable to prosecute his lawsuit due to his "current medical and mental health instability." Plaintiff requests a stay of his lawsuit until his is able to litigate the action once again. Plaintiff's motion, liberally interpreted, is construed as a motion for relief from judgment or order under Rule 60.

Rule 60, FED. R. CIV. P., provides in pertinent part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

After careful consideration of the circumstances in this case, the court is of the opinion that plaintiff's motion warrants relief from the judgment and plaintiff should be provided an additional opportunity to prosecute his lawsuit. Accordingly, plaintiff's motion should be granted, and the case should be reinstated on the court's active docket.

**ORDER**

For the reasons set forth above, plaintiff's motion for relief from the judgment should be granted, and the case should be reinstated on the court's active docket.  It is

**ORDERED** that plaintiff's motion for relief from judgment (#29) is **GRANTED**.  The Clerk of Court is **DIRECTED** to reinstate the above-styled action on the court's active docket.  It is further

**ORDERED** that plaintiff shall, within thirty (30) days from the date set forth below and each thirty (30) days thereafter, file a notice advising the court whether or not he remains able to proceed and either request to proceed with this action or set forth the reasons for his continued inability to proceed.  Failure by the plaintiff to file an advisory in compliance with this order may result in the dismissal of this action pursuant to FED. R. CIV. P. 41(b) without further notice.

SIGNED at Beaumont, Texas, this 27th day of February, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE